JOHN B. MARKLEY, JR., *et al.,* Plaintiffs-Appellants, v. RICHARD J. KAVANAGH, Adm'r of the Estate of Charles Lee Sanders, Deceased, Defendant-Appellee.

Third District   No. 3—85—0290

Opinion filed January 17, 1986.

Daniel J. Adler, of Davis, Varsek & Dystrup, P.C., of Joliet, for appellants.

Michael J. Progar, of Brody, Gore, Fineberg & Wikoff, Ltd., of Chicago, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

This action by the plaintiffs, John B. Markley, Jr., and Nancy Markley, was brought to recover damages occasioned by the alleged negligence of the decedent, Charles Lee Sanders, Jr., in driving his automobile. Named as the defendant was the administrator of the decedent's estate, Richard J. Kavanagh. The circuit court of Will County dismissed the complaint on the ground that the suit was time barred. The matter is at issue on the pleadings, and our review of the order of dismissal has been sought.

The factual background can be presented with brevity. On December 31, 1973, the plaintiffs were injured in an automobile accident. The decedent was allegedly at fault. On July 12, 1975, Sanders died. On October 17, 1984, a probate estate was opened for the decedent and letters of office were issued. On November 30, 1984, the plaintiffs filed suit against the decedent's estate alleging that the decedent owned a policy of liability insurance at the time of the 1973 collision which offered coverage for the decedent's negligence in the automobile accident.

The circuit court of Will County dismissed the plaintiffs' lawsuit. This is an appeal from the order of dismissal.

At the time the probate estate was opened, the following statutes were in effect.

"*** If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred, an action may be commenced against his or her executors or administrators after the expiration of the time limited for the commencement of the action, and within 6 months after the issuing of letters of office." Ill. Rev. Stat. 1983, ch. 110, par. 13—209.

"(a) All claims against the estate of a decedent, except expenses of administration and surviving spouse's or child's award, not filed with the representative or the court within 6 months after the entry of the original order directing issuance of letters of office are barred as to all of the decedent's estate; but this Section does not bar actions to establish liability

of the decedent to the extent the estate is protected by liability insurance.

(b) All claims barrable under this Section are, in any event, barred unless letters of office are issued upon the estate of the decedent within 3 years after his death." (Ill. Rev. Stat. 1983, ch. 110½, par. 18—12.)

The plaintiffs reason that this cause of action was timely filed under section 13—209 because it was filed within six months of the issuance of letters, and it was not barred by section 18—12 because the estate is protected by liability insurance and the paragraph "does not bar actions to establish liability of the decedent to the extent the estate is protected by liability insurance."

The Probate Act had a differing provision limiting claims in 1975, when Sanders died. In 1975, claims protected by liability insurance were not excluded from the bar of section 18—12. The 1975 version is as follows:

"All claims against the estate of a decedent, except expenses of administration and surviving spouse's or child's award, not filed within 6 months from the issuance of letters testamentary or of administration are barred as to the estate which has been inventoried within 6 months from the issuance of letters. If after 6 months from the issuance of letters the executor or administrator files an inventory listing estate not previously inventoried and thereafter the clerk of the court publishes once each week for 3 successive weeks a notice informing all persons that claims may be filed against the estate of the decedent on or before a date as designated in the publication (the designated date to be the first Monday in the second month following the month in which the first publication is made), all claims not filed on or before the designated date are forever barred as to the estate listed in such inventory.

All claims barrable under this section are in any event barred 3 years after the death of the decedent unless letters are issued upon the estate of the decedent within 3 years after his death." (Ill. Rev. Stat. 1975, ch. 3, par. 204.)

However, the plaintiffs assert that the current version of the Probate Act should apply to the instant case. They rely on the amendatory act, which excluded claims protected by liability insurance from the bar. The act provides:

"This amendatory Act takes effect January 1, 1980, and applies only to estates in which letters of office are issued on or

after the effective date of this amendatory Act ***." (1979 Ill. Laws 1142, 1166-67.)

We agree that the plaintiffs have correctly interpreted the express language of the amendatory act, but the act itself exceeds the authority of the General Assembly.

Under prior law, the plaintiffs' claim was barred "in any event" three years after the decedent's date of death. He died on July 12, 1975. The instant claim was barred in July 1978. The issue of whether a change in the statute of limitations can revive a cause of action that was previously barred is one of constitutional dimension that has been the subject of prior litigation. In a frequently cited decision, the supreme court, quoting from a treatise on constitutional limitations, held that

> "It is certain that he who has satisfied a demand cannot have it revived against him, and he who has become released from a demand by the operation of the Statute of Limitations is equally protected." (*Board of Education v. Blodgett* (1895), 155 Ill. 441, 447, 40 N.E. 1025, 1026.)

The *Blodgett* decision was based upon the due process clause of the Illinois 1870 Constitution (Ill. Const. 1870, art. II, sec. 2), a clause which was incorporated in the current constitution (Ill. Const. 1970, art. I, sec. 2). The *Blodgett* rule has been restated many times and stands for the proposition that a limitations defense which has fully accrued vests in the defendant a property right entitled to due process protection. *Wilson v. All-Steel, Inc.* (1981), 87 Ill. 2d 28, 428 N.E.2d 489.

We believe the *Blodgett* rule controls the issues of this case. It follows that we believe the order of the circuit court of Will County dismissing plaintiffs' complaint was correct.

Affirmed.

HEIPLE, P.J., and STOUDER, J., concur.